1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN JOSE DIVISION

10   RONALD HARTWELL,                      CASE NO. 5:11-cv-05757 EJD

11                                          **ORDER DISMISSING CASE; DENYING
                    Plaintiff(s),          AS MOOT DEFENDANTS' MOTION TO
12       v.                                DISMISS**

13   WACHOVIA MORTGAGE, et. al.,

14                                          [Docket Item No(s). 15]
                    Defendant(s).
15   _____/

16                      **I.    INTRODUCTION**

17       In December, 2007, pro se Plaintiff Ronald Hartwell ("Plaintiff") purchased residential

18   property in Union City, California, with a loan from World Savings Bank.  See Compl., Docket Item

19   No. 1, at 3:9.  The property was eventually subject to a foreclosure sale in December, 2011.  See id.,

20   at 4:16-24.

21       Plaintiff initiated the present action in this court as a challenge to the foreclosure.  In

22   response, Defendants Wachovia Mortgage and Wells Fargo Bank ("Defendants") move the court for

23   an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  See

24   Docket Item No. 15.  Having carefully reviewed the relevant documents, the court finds this matter

25   suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the

26   hearing scheduled for July 13, 2012, will be vacated.

27       For the reasons stated below, this case must be dismissed for lack of subject matter

28   jurisdiction.  Defendants' Motion to Dismiss will be denied as moot.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   DISCUSSION

Although Defendants do not raise it as a basis for dismissal, the court has independently

determined that it lacks jurisdiction over this action.  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th

Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time

during the pendency of the action, even on appeal.")

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of

America, 511 U.S. 375, 377 (1994).  Federal jurisdiction can generally arise in two ways: (1) from

the presence of a federal question, or (2) from diversity of the parties.  See 28 U.S.C. §§ 1331

(federal question), 1332 (diversity).  For jurisdiction based on a federal question, the court looks to

the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal

law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial

question of federal law.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988)

(citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28,

(1983)).  For diversity, federal courts have original jurisdiction where (1) opposing parties are

citizens of different states and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

"[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual

citizenship of the relevant parties" in order to confirm that *all parties* are diverse.  Kanter v. Warner-

Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

"A party invoking the federal court's jurisdiction has the burden of proving the actual

existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Whether subject matter jurisdiction exists is a threshold question that must be addressed before

reaching the merits of an action.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95

(1998).

Looking at the Complaint in this case, the court first notes that the pleading does not contain

allegations explaining the basis of this court's jurisdiction over the four claims based entirely in state

Case No. 5:11-cv-05757 EJD
ORDER DISMISSING CASE; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS

1    law.  But overlooking this shortcoming,[1] the basis for jurisdiction in this court is still not apparent.

2    If Plaintiff intended to rely on the presence of the federal question, the Complaint does not reference

3    the federal authority which gives rise to any of the claims.  The sole federal statute mentioned in the

4    Complaint - 12 U.S.C. § 1821(d)(6) - does not allow for the claims or relief sought here.[2]  Nor does

5    the general reference to the 5th, 7th and 14th Amendments of the Constitution.  See Arbaugh v.

6    Y&H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . .

7    may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial

8    and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"

9    (citation omitted)).  The Complaint, therefore, does not support jurisdiction under § 1331.

10          Turning to diversity jurisdiction, Plaintiff alleges he is a citizen of California.  See Compl., at

11   2:1-2.  Plaintiff also alleges that at least one of the named defendants, California Reconveyance

12   Corporation, is a citizen of California as well.  See id., at 19:23.  Accordingly, complete diversity

13   does not exist, and jurisdiction does not arise under § 1332.

14          Since the Complaint does not demonstrate the existence of either federal question or

15   diversity jurisdiction, the court must dismiss this case.  See Ex Parte McCardle, 74 U.S. (7 Wall.)

16   506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is

17

18   _____

          [1] The failure to include jurisdictional allegations is, technically, a violation of the pleading
19   standard provided by Federal Rule of Civil Procedure 8. Fed. R. Civ. Proc. 8(a) ("A pleading that
     states a claim for relief must contain . . . a short and plain statement of the grounds for the court's
20   jurisdiction.").  Despite the lack of appropriate allegations here, the court has liberally construed
     Plaintiff's pleadings because he is proceeding pro se.  See Abassi v. Immigration & Naturalization
21   Serv., 305 F.3d 1028, 1032 (9th Cir. 2002).

22         [2] Section (d)(6) of 12 U.S.C. § 1821 states:

23              Before the end of the 60-day period beginning on the earlier of (i) the
                end of the period described in paragraph (5)(A)(i) with respect to any
24              claim against a depository institution for which the Corporation is
                receiver; or (ii) the date of any notice of disallowance of such claim
25              pursuant to paragraph (5)(A)(I), the claimant may request
                administrative review of the claim in accordance with subparagraph
26              (A) or (B) of paragraph (7) or file suit on such claim (or continue an
                action commenced before the appointment of the receiver) in the
27              district or territorial court of the United States for the district within
                which the depository institution's principal place of business is located
28              or the United States District Court for the District of Columbia (and
                such court shall have jurisdiction to hear such claim).

Case No. 5:11-cv-05757 EJD
ORDER DISMISSING CASE; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS

<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

1 power to declare the law, and when it ceases to exist, the only function remaining to the court is that

2 of announcing the fact and dismissing the cause.").  The dismissal will be without prejudice.

3 Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of

4 jurisdiction should be . . . without prejudice so that a plaintiff may reassert his claims in a competent

5 court." (internal quotations omitted)).

6 ### III.   ORDER

7 Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE for lack of

8 subject matter jurisdiction.  Defendants' Motion to Dismiss (Docket Item No. 15) is DENIED AS

9 MOOT.

10 The hearing and Case Management Conference scheduled for July 13, 2012, are VACATED.

11 Since this order effectively resolves the case, the Clerk shall close this file.

12 **IT IS SO ORDERED.**

13

14 Dated:  July 9, 2012                                  

15                                                                   EDWARD J. DAVILA
                                                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:11-cv-05757 EJD
ORDER DISMISSING CASE; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS