IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD HARTWELL,<br><br>　　　　　Plaintiff(s),<br>　v.<br><br>WACHOVIA MORTGAGE, et. al.,<br><br>　　　　　Defendant(s).<br>_____/ | CASE NO. 5:11-cv-05757 EJD<br><br>**ORDER DISMISSING CASE; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS**<br><br>[Docket Item No(s). 15] |

### I.   INTRODUCTION

In December, 2007, pro se Plaintiff Ronald Hartwell ("Plaintiff") purchased residential property in Union City, California, with a loan from World Savings Bank. See Compl., Docket Item No. 1, at 3:9. The property was eventually subject to a foreclosure sale in December, 2011. See id., at 4:16-24.

Plaintiff initiated the present action in this court as a challenge to the foreclosure. In response, Defendants Wachovia Mortgage and Wells Fargo Bank ("Defendants") move the court for an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Item No. 15. Having carefully reviewed the relevant documents, the court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for July 13, 2012, will be vacated.

For the reasons stated below, this case must be dismissed for lack of subject matter jurisdiction. Defendants' Motion to Dismiss will be denied as moot.

## II. DISCUSSION

Although Defendants do not raise it as a basis for dismissal, the court has independently determined that it lacks jurisdiction over this action. Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.")

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331 (federal question), 1332 (diversity). For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, (1983)). For diversity, federal courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that *all parties* are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Whether subject matter jurisdiction exists is a threshold question that must be addressed before reaching the merits of an action. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

Looking at the Complaint in this case, the court first notes that the pleading does not contain allegations explaining the basis of this court's jurisdiction over the four claims based entirely in state

1  law.  But overlooking this shortcoming,[1] the basis for jurisdiction in this court is still not apparent.

2  If Plaintiff intended to rely on the presence of the federal question, the Complaint does not reference

3  the federal authority which gives rise to any of the claims.  The sole federal statute mentioned in the

4  Complaint - 12 U.S.C. § 1821(d)(6) - does not allow for the claims or relief sought here.[2]  Nor does

5  the general reference to the 5th, 7th and 14th Amendments of the Constitution.  See Arbaugh v.

6  Y&H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . .

7  may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial

8  and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"

9  (citation omitted)).  The Complaint, therefore, does not support jurisdiction under § 1331.

10    Turning to diversity jurisdiction, Plaintiff alleges he is a citizen of California.  See Compl., at

11  2:1-2.  Plaintiff also alleges that at least one of the named defendants, California Reconveyance

12  Corporation, is a citizen of California as well.  See id., at 19:23.  Accordingly, complete diversity

13  does not exist, and jurisdiction does not arise under § 1332.

14    Since the Complaint does not demonstrate the existence of either federal question or

15  diversity jurisdiction, the court must dismiss this case.  See Ex Parte McCardle, 74 U.S. (7 Wall.)

16  506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is

---

[1] The failure to include jurisdictional allegations is, technically, a violation of the pleading standard provided by Federal Rule of Civil Procedure 8.  Fed. R. Civ. Proc. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction.").  Despite the lack of appropriate allegations here, the court has liberally construed Plaintiff's pleadings because he is proceeding pro se.  See Abassi v. Immigration & Naturalization Serv., 305 F.3d 1028, 1032 (9th Cir. 2002).

[2] Section (d)(6) of 12 U.S.C. § 1821 states:

> Before the end of the 60-day period beginning on the earlier of (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(I), the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

United States District Court
For the Northern District of California

1  power to declare the law, and when it ceases to exist, the only function remaining to the court is that
2  of announcing the fact and dismissing the cause."). The dismissal will be without prejudice.
3  Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of
4  jurisdiction should be . . . without prejudice so that a plaintiff may reassert his claims in a competent
5  court." (internal quotations omitted)).

### III.  ORDER

Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Defendants' Motion to Dismiss (Docket Item No. 15) is DENIED AS MOOT.

The hearing and Case Management Conference scheduled for July 13, 2012, are VACATED. Since this order effectively resolves the case, the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: July 9, 2012



EDWARD J. DAVILA
United States District Judge

4
Case No. 5:11-cv-05757 EJD
ORDER DISMISSING CASE; DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS